AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

04-22087

| United States District Court | District SOUTHERN DISTRICT OF FLORIDA | | |
|---|---|---|---|
| Name LAMONT WILLEY MINDS | Prisoner No. 191592 | Case No. F90-11446A | |
| Place of Confinement EVERGLADES CORRECTIONAL INSTITUTION | | CIV-LENARD | |
| Name of Petitioner (include name under which convicted) LAMONT WILLEY MINDS | Name of Respondent (authorized person having custody of petitioner) V. JAMES V. CROSBY, JR., SECRETARY FLORIDA DEPT. OF CORRECTIONS | | |
| The Attorney General of the State of: STATE OF FLORIDA; CHARLIE CRIST, ATTORNEY GENERAL. | | | |

**PETITION**

1. Name and location of court which entered the judgment of conviction under attack _MAGISTRATE JUDGE_ _WHITE_ _1351 N.W. 12TH STREET, SUITE 9000, MIAMI, FLORIDA 33125_

2. Date of judgment of conviction _OCTOBER 23, 1997._

3. Length of sentence _NATURAL LIFE / WITH 25 YEARS MANDATORY_

4. Nature of offense involved (all counts) _ONE (1) COUNT OF FIRST DEGREE MURDER_

   [INTAKE stamp: AUG 18 2004 CLARENCE MADDOX]

5. What was your plea? (Check one)
   (a) Not guilty  ☑
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☑
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☑    No ☐

cat/div _____
Case # _04CV22087_
Judge _____ Mag _____
Motn ltp _____
Receipt # _____ Fee pd $ _____

(1)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _THIRD DISTRICT COURT OF APPEAL_

   (b) Result _PER CURIAM AFFIRMED WITHOUT A WRITTEN OPINION._

   (c) Date of result and citation, if known _APRIL 8, 1999_

   (d) Grounds raised _FOUR (4)_

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court _N/A_

   (2) Result _N/A_

   (3) Date of result and citation, if known _N/A_

   (4) Grounds raised _N/A_

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _N/A_

   (2) Result _N/A_

   (3) Date of result and citation, if known _N/A_

   (4) Grounds raised _N/A_

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒  No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _CIRCUIT COURT FOR DADE COUNTY._

    (2) Nature of proceeding _POST CONVICTION RELIEF, RULE 3.850._

    (3) Grounds raised _FIVE (5)_

AO 241 (Rev. 5/85)

_____

_____

_____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☑      No ☐

    (5) Result __DENIED__

    (6) Date of result __MARCH 14, 2001.__

(b) As to any second petition, application or motion give the same information:

    (1) Name of court __CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT FOR DADE COUNTY__

    (2) Nature of proceeding __POST CONVICTION RELIEF PURSUANT TO RULE 3.850__

_____

    (3) Grounds raised __ONE (1)__

_____

_____

_____

_____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐      No ☑

    (5) Result __DENIED__

    (6) Date of result __JUNE 3, 2002.__

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.        Yes ☑      No ☐
    (2) Second petition, etc.     Yes ☑      No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
                                    __N/A__

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: **WHETHER THE CIRCUIT JUDGE LACKED OF JURISDICTION TO IMPOSED JUDGEMENT AND SENTENCE WHERE STATE'S APPEAL WAS ACTIVE/PENDING.**

Supporting FACTS (state *briefly* without citing cases or law) THE PETITIONER ENTERED A PLEA OF NOT GUILTY TO THE INDICTMENT INFORMATION IN QUESTION. AT THE ADVISE OF COUNSEL PETITIONER CHANGED HIS PLEA OF NOT GUILTY TO A GUILTY PLEA IN EXCHANGE FOR A LESSER INCLUDED OFFENSE OF SECOND DEGREE MURDER WITH A FIREARM. A TRIAL CIRCUIT COURT JUDGE ADJUDICATED THE PETITIONER GUILTY OF SECOND DEGREE MURDER AND SENTENCED HIM TO THIRTY (30) YEARS WITH THREE (3) YEARS MANDATORY. (SEE PAGES 5-6 FOR MORE DETAIL).

B. Ground two: **WHETHER THE TRIAL COURT ERRED IN DENYING THE PETITIONER'S MOTION FOR JUDGMENT OF ACQUITTAL ON THE CHARGE OF FIRST DEGREE MURDER.**

Supporting FACTS (state *briefly* without citing cases or law) THE PETITIONER RAISED THIS CLAIM IN DIRECT APPEALING HIS CONVICTION FOR FIRST DEGREE MURDER. PETITIONER CONTENDS THAT THE TRIAL COURT ERRED IN FAILING TO REDUCE THE CHARGE AGAINST HIM FROM FIRST DEGREE TO SECOND DEGREE MURDER BECAUSE THE NATURE OF THE SHOOTING THE FACT THAT PETITIONER HAD BEEN PROVOKED INTO ACTION BECAUSE OF A PREVIOUS DIFFICULTY WITH THE VICTIM, THE MANNER IN WHICH THE SHOOTING WAS COMMITTED AND NATURE AND MANNER OF THE WOUNDS INFLICTED, ALL SUPPORTED THE CONCLUSION THAT THE EVIDENCE DID NOT SUPPORT A CASE OF PREMEDITATION SUFFICIENT TO ALLOW THE CASE TO GO TO THE JURY AS FIRST DEGREE MURDER. THE RULING BELOW, BY THE STATE COURT, IS CONTRARY TO FEDERALLY ESTABLISHED LAW.

## FACTS IN SUPPORT OF GROUND ONE (1)

The Petitioner later, challenged his guilty plea pursuant to Rule 3.850 (a) in which relief was denied at the Circuit and at the Appellate Courts level.

Petitioner's sole argument was ineffective assistance of counsel for misadvised him of the amount of prison time he (Petitioner) would have served on the mentioned thirty (30) years sentence.

The Petitioner sought relief in the Federal level pursuant to Habeas Corpus under Section 2254, on August 5, 1994.

On February 21, 1995, the United States District Court of Southern District denied relief.

On March 22, 1995, Petitioner filed a timely notice of appeal with Eleven Circuit Court of Appeals in concern to the District Court's denial his Federal Habeas Corpus.

The Eleven Circuit Court of Appeals on April 4, 1996, granted an evidentiary hearing and remanded the case back to the Southern District Court in Miami for further proceeding.

On June 5, 1997, the United States District Court Southern of Florida granted relief by vacating Petitioner's conviction by plea agreement and ordered a trial.

The State of Florida subsequently filed a timely notice of appeal to the Eleventh Circuit Court of Appeals on June 17, 1997, challenging the aforemention District Court's opinion.

During the pendency of the State's appeal at the Eleventh Circuit Court of Appeals in Atlanta, Georgia, a Trial Court Judge proceeded to trial with the case on October 20, 1997.

On October 23, 1997, a jury member convicted Petitioner of First Degree Murder and the trial court judge sentenced Petitioner to Life in Prison with Twenty-Five (25) years minumuim mandatory.

(SEE PAGE 6 FOR MORE FACTS)

THE PETITIONER RAISED THIS CLAIM WITHIN HIS SECOND POST-CONVICTION MOTION (RULE 3.850). the TRIAL COURT DENIED THE MOTION BECAUSE OF THE STATED REASON BY THE TRIAL COURT THAT WILL SOON BE PART OF RECORD IN THIS PETITION.

THE PETITIONER APPEALED THE TRIAL COURT'S DECISION AND THE THIRD DISTRICT COURT OF APPEAL DENIAL TO THE HIGHEST STATE COURT IN FLORIDA.

PETITIONER HAS MAINTAIN THE POSITION THAT A LACK OF JURISDICTION ISSUE AS THIS CAN BE RAISED AT ANY POINT OF TIME.

THE STATE COURTS WERE IN ERROR WHEN DENYING THIS CLAIM, AND AS A RESULT, THE DENIAL VIOLATED PETITIONER'S CONSTITUTIONAL RIGHTS.

THE RULING BELLOW BY THE STATE COURTS ARE CONTRARY TO CLEARLY FEDERALLY ESTABLISHED CONSTITUTIONAL LAW.

AO 241 (Rev. 5/85)

C.  Ground three: WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT PETITIONER'S MOTION FOR MISTRIAL.

Supporting FACTS (state *briefly* without citing cases or law) THE TRIAL PROSECUTOR, IN HIS CLOSING ARGUMENT MADE COMMENTS WICH WERE "FAIRLY SUCEPTIBLE" OF BEING DIRECTED AT THE PETITIONER FAILURE TO TESTIFY AT TRIAL. PETITIONER APPEALED TO THE THIRD DISTRICT COURT OF APPEAL, THE CLAIM WAS DENIED WITHOUT A WRITTEN OPINION. THE STATE COURT'S RULING BELOW, IS CONTRARY TO FEDERALLY ESTABLISHED LAW.

D.  Ground four: WHETHER THE TRIAL COURT VIOLATED PETITIONER'S RIGHTS UNDER EX POST FACTO TO THE UNITED STATES AND FLORIDA CONSTITUTIONS.

Supporting FACTS (state *briefly* without citing cases or law) THE TRIAL COURT VIOLATED THE PETITIONER'S RIGHT UNDE THE EX POST FACTO CLAUSE WHEN IT READ THE NEW JURY INSTRUCTION ON PRINCIPALS SINCE THAT INSTRUCTION WAS NOT IN EFFECT UNTIL WELL AFTER THE PETITIONER WAS ARRESTED AND THE NEW INSTRUCTION WAS PREJUDICIAL TO PETITIONER, IN LIGHT OF THE PROSECUTOR'S ARGUMENTS TO THE JURY. THE STATE COURTS DENIAL IS CONTRARY TO LIGHTLY FEDERALLY ESTABLISHED LAW.    (SEE ADDITIONAL GROUNDS AT PAGES 8 AND 9, INFRA)

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐    No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:
    (a) At preliminary hearing CLAYTON R. KAEISER, COURTHOUSE PLAZA, 28 WEST FLAGLR STREET, SUITE 301, MIAMI, FLORIDA 33130

    (b) At arraignment and plea SAME AS THE ABOVE.

E. **GROUND FIVE:** INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO SUBPOENA CRUCIAL WITNESSES WHO PREVIOUSLY GAVE DEPOSITIONS AND WHO'S TESTIMONY WOULD HAVE SHOWN THAT THE PETITIONER DID NOT HAVE THE PREMEDITATED DESIGN TO COMMIT FIRST DEGREE MURDER. . . . . . . . . . . . .

SUPPORTING FACTS:

THE PETITIONER CHALLENGED THE EFFECTIVENESS OF HIS TRIAL ATTORNEY PURSUANT TO RULE 3.850, FOR FAILING TO CALL WITNESS, MRS. LILLIAN OUTLER; ERMA OUTLER; DIVED JHONSON; TIMOTHY TAYLOR AND WITNESS DAESHUN OUTLER THAT COULD HAVE TESTIFIED TO THE VICTIM'S REPUTATION IN THE COMMUNITY, THE VICTIM'S THREATS AGAINST THE PETITIONER, AND THE FACT THAT ALL THREE OF THE PARTIES ALLEGELY INVOLVED WERE ON ALCOHOL AND DRUGS WHEN THE CRIME OCCURED, AND THE FACT THAT THE PETITIONER WAS (ONLY 17 YEARS OLD) AND BEST FRIENDS WITH THE VICTIM. THE PETITIONER HAS SHOWN CONSTITUTIONAL VIOLATION BECAUSE, HAD THESE MENTIONED WITNESSES TESTIFIED AT TRIAL, THE STATE COULD NOT HAVE PROVED PREMEDITATED DESIGN TO COMMIT FIRST DEGREE MURDER.
THE STATE COURTS IMPROPERLY ADDRESSED THE CLAIM AND FAILED TO REACH THE MERITS. THE RULING BELOW, BY THE STATE COURTS, IS CONTRARY TO FEDERALLY ESTABLISHED LAW.

F. **GROUND SIX:** COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY FAILING TO INFORM THE PETITIONER OF THE VALID DEFENSE OF VOLUNTARY INTOXICATION. . . . . . . . . . . .

SUPPORTING FACTS:

THE PETITIONER RAISED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, WITHIN A MOTION FOR POST CONVICTION RELIEF FOR FAILING TO INFORM HIM OF THE VALID DEFENSE OF VOLUNTARY

INTOXICATION WHERE PRIOR TO TRIAL THE PETITIONER EXPLAINED TO COUNSEL THAT HE HAD A DRINKING PROBLEM, WAS DRUNK AT THE TIME OF THE INCIDENT AND THE AVAILABLE RECORD SUPPORTED THIS ALLEGATION, YET COUNSEL FAILED TO PROPERLY ADVISE THE PETITIONER VOLUNTARY INTOXICATION DEFENSE.

PETITIONER FAIRLY PRESENTED THIS CLAIM TO THE STATE COURTS AND HAD SHOWN PREJUDICED BECAUSE OF THE STATED FAILURE.

THE STATE COURTS' DENIAL IS CONTRARY TO FEDERALLY ESTABLISHED LAW.


G.  **GROUND SEVEN:** WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT A MISTRIAL WHERE A PROSECUTION WITNESS TESTIFIED ABOUT THE INCRIMINATING STATEMENTS OF A NON-TESTIFYING CO-DEFENDER . . . . . . . . . . . . . .

**SUPPORTING FACTS:**

THE PETITIONER RAISED THE SAME GROUND IN THE STATE COURT AND MAINTAIN THE VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO CONFRONTATION.

THE THIRD DISTRICT COURT OF APPEAL AFFIRMED THE CLAIM WITHOUT A WRITTEN OPINION. THE DENIAL BY THE DISTRICT COURT IS CONTRARY TO FEDERALLY ESTABLISHED LAW.

AO 241 (Rev. 5/85)

(c) At trial SAME AS THE ABOVE.

(d) At sentencing SAME AS THE ABOVE.

(e) On appeal SAME AS THE ABOVE.

(f) In any post-conviction proceeding JOHN H. LIPINSKI, 1503 N.W. 14TH STREET MIAMI, FLORIDA 33125

(g) On appeal from any adverse ruling in a post-conviction proceeding PRO SE

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No ☑
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: N/A

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐   No ☑

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

*Lamont W. Monde*
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

8/13/04
(date)

*Lamont W. Monde*
Signature of Petitioner